## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Craig Grafton, | ) | |
| | ) | |
| | ) | Case No.   2018 C 06099 |
| Plaintiff, | ) | |
| | ) | Judge:   Franklin U. Valderrama |
| v. | ) | |
| | ) | |
| Chicago Police Officer Fobelk, Badge #121240 | ) | |
| Chicago Police Officer John Doe, Badge 1894 or | ) | |
| Badge #13406, City of Chicago, | ) | |
| | ) | |
| Defendant(s) | ) | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES</u>

Defendant Officers Catrina Bolin, Joseph Florek[1], and Timothy Gilliland[2] ("Defendant Officers"), by and through one of their attorneys, Max C. Boose, Assistant Corporation Counsel, as well as Defendant City of Chicago, by and through its attorney, Celia Meza, Acting Corporation Counsel for the City of Chicago ("Defendant City") (collectively, "Defendants"), for their Answer to Plaintiff's Third Amended Complaint, Jury Demand, and Affirmative Defenses, state as follows:

1.      At all relevant times the property located at 7840 South May St., Chicago, Illinois (the Property) was l/3 owned by Craig Grafton (Grafton), 1/3 owned by his brother Raymond Grafton (Raymond) and l/3 by Grafton's sister Erma Grafton (Erma).

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

2.      Raymond had no written or oral lease as to occupancy of the Property.

---

[1] To the extent Plaintiff references an officer "Fobelt" or "Fobelk," Defendants interpret the allegations as intended against Defendant Florek.

[2] Plaintiff references two officers as well as a John Doe. To the extent Plaintiff has properly named any Defendants, and in light of the Court's Order retaining Defendant Officers in the lawsuit, *see* ECF No. 58, their responses are provided herein.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      3.      Grafton paid all Cook County property taxes on the Property and premiums for homeowner's insurance. Raymond paid no portion of these amounts.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      4.      Grafton had been issued letters of administration for the Estate of Mary Grafton. deceased in the Circuit Court of Cook County Illinois. Mary was the mother of Grafton, Raymond and Erma.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      5.      On May 12, 2018 a person ran into Grafton on Grafton's way to the store. He told Grafton that he had been to the Property and smelled gas fumes coming from the Property.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      6.      Concerned Grafton immediately went to the Property.  For over one hour he rang the door bells on the front and back doors and knocked on the windows and doors, and knocked on the windows and front and back doors.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      7.      As Grafton's concern mounted he called 911.   Grafton was informed that the police would come to the Property.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph.

      8.      Two uniformed Chicago Police officers arrived. One was a female and one was a male. Grafton sues the male officer John Doe in his individual capacity.  He is either named Gilliland badge no. 1995 or was named Bollard badge no. 13406.  Grafton will identify officer John Doe as investigation and discovery proceeds in this case.

**ANSWER**: Defendant Officers admit that at some point on May 13, 2018 a male and female officer responded to the area of 7842 S. May St., Chicago IL. Upon information and belief, Defendant City admits that at some point on May 13, 2018 a male and female officer responded to the area of 7842 S. May St., Chicago IL. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

9. After speaking to Grafton the female officer asked Grafton for documents showing that he was the head of the estate and 1/3 owner of the Property. She then called the police station. Shortly thereafter Chicago Police officer defendant Fabelt, badge no. 12124 arrived. Fabelt is sued in his individual capacity. In response to Fabelt's order Grafton showed him the same documents he had shown to the female officer.

**ANSWER**: Defendant Officers admit Plaintiff displayed documents purporting to show ownership or authority over the property. Upon information and belief, Defendant City admits Plaintiff displayed documents purporting to show ownership or authority over the property. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

10. The police officers spent another hour trying to enter the Property, ringing door bells, knocking on the doors and windows. Finally Grafton asked for and received permission to break a window, which he did.

**ANSWER**: Defendant Officers admit knocking on doors and windows in an attempt to contact any inhabitants of the property. Defendant Officers further admit Plaintiff spoke about breaking a window of the building, and eventually did so without Defendant Officers stopping him, but otherwise deny Plaintiff fully and accurately characterizes the events of May 13, 2018. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

Upon information and belief, Defendant City admits Defendant Officers knocked on doors and windows in an attempt to contact inhabitants of the property, that Plaintiff spoke about breaking a window of the building, and that he eventually did so without Defendant Officers stopping him. Upon information and belief, Defendant City denies Plaintiff fully and accurately characterizes the events of May 13, 2018. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

11. Raymond came to the door. He told the police he had been sleeping. Grafton and the police entered the Property. Unescorted Grafton proceeded to check the faucets and restroom to ensure proper operation. Grafton smelled no gas fumes. Unescorted he proceeded down into the basement to check the plumbing fixtures to see if they were operating properly.

**ANSWER**: Defendant Officers admit that at some point a man who identified himself as Raymond Grafton responded to the front door of the residence. Defendant Officers admit entering the property with Plaintiff. Defendant Officers admit Plaintiff was moving through the property after entering it, but deny he was unescorted. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

Upon information and belief, Defendant City admits at some point a man who identified himself as Raymond Grafton responded to the front door of the residence, that Defendant Officers entered the property with Plaintiff, and that Plaintiff moved through the property after entering it. Upon information and belief, Defendant City denies Plaintiff moved through the property unescorted. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12.     Defendant officer John Doe ran down the stairs and with no explanation commanded Grafton to get out. John Doe said that Grafton had to leave. Grafton said that he had just received permission from the officers. But John Does said Grafton "had to go right now."

**ANSWER**: Defendant Officers deny Plaintiff fully or accurately characterizes the events of May 13, 2018, and therefore deny the allegations of the above paragraph.

Upon information and belief, Defendant City denies Plaintiff fully or accurately characterizes the events of May 13, 2018, and therefore denies the allegations of the above paragraph.

13.     Grafton went up the stairs to the living room where Raymond and the other two officers were standing. Both before and after Grafton went to the basement the scene was quiet and calm except for the two defendant officers' unprovoked words and conduct. There was no angry or hostile encounter or discussion between Grafton and Raymond. Grafton did not ask Raymond to leave not did he discuss with Raymond any possession issues. No one raised their voice except for the two defendant officers.

**ANSWER**: Defendant Officers admit being in a living room with Plaintiff and Raymond Grafton at some point on May 13, 2018. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of details of Plaintiff's conversation with Raymond Grafton. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018, and further deny the remaining allegations of the above paragraph.

Upon information and belief, Defendant City admits Defendant Officers were in a living room with Plaintiff and Raymond Grafton at some point on May 13, 2018, but lacks knowledge or information sufficient to form a belief as to the truth of the details of Plaintiff's conversation with Raymond Grafton. Upon information and belief, Defendant City otherwise denies Plaintiff fully or accurately describes the events of May 13, 2018, and the remaining allegations of the above paragraph.

14.     There was no public or private safety or emergency concerns or situation. Nor was there any domestic dispute or disturbance. Indeed it was Grafton who called to police.

**ANSWER**: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the identity of the 911 caller. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018, and further deny the remaining allegations of the above paragraph.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the identity of the 911 caller. Upon information and belief, Defendant City otherwise denies Plaintiff fully or accurately describes the events of May 13, 2018, and the remaining allegations of the above paragraph.

15.     Grafton asked defendant Fobelt why he was being asked to leave. Fobelt, in a hostile and condescending manner and commanding tone of voice ordered Grafton to shut up and go stand on the porch.

**ANSWER**: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of exact statements made on scene, but admit Plaintiff was instructed to leave by a member of the

Chicago Police Department. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of exact statements made on scene. Upon information and belief, Defendant City admits Plaintiff was instructed to leave by a member of the Chicago Police Department, but denies Plaintiff fully or accurately describes the events of May 13, 2018.

16.     Grafton felt he had no choice and obeyed the order and went to the porch.  There Grafton politely asked Fobelt why he was being ordered to leave. Fobelt in a hostile manner again ordered Grafton to shut up and now commanded Grafton to leave the Property or Fobelt would "lock [Grafton's ass up."

**ANSWER**: Defendant Officers admit that Plaintiff went to the porch at some point on May 13, 2018. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of exact statements made on scene, but admit Plaintiff was instructed to leave by a member of the Chicago Police Department. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of exact statements made on scene. Upon information and belief, Defendant City admits that Plaintiff went to the porch at some point on May 13, 2018, and that Plaintiff was instructed to leave by a member of the Chicago Police Department. Upon information and belief, Defendant City denies Plaintiff fully or accurately describes the events of May 13, 2018.

17.     Fobelt again told Grafton that he must leave the Property in a hostile and commanding tone of voice. Grafton tried to ask why and John Doe said in a hostile manner and tone words the substance of which were didn't Folbet tell him to shut up? John Doe then told Grafton that he would lock him up.

**ANSWER**: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of exact statements made on scene, but admit Plaintiff was instructed to leave by a member of the Chicago Police Department multiple times. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of exact statements made on scene. Upon information and belief, Defendant City admits Plaintiff was instructed to leave by a member of the Chicago Police Department multiple times, and otherwise denies Plaintiff fully or accurately describes the events of May 13, 2018.

18.     Grafton politely told the officers that he had called them. Fobelt then ordered Grafton to leave the Property.

**ANSWER**: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of exact statements made on scene, but admit Plaintiff was instructed to leave by a member of the Chicago Police Department multiple times. Defendant Officers otherwise deny Plaintiff fully or accurately describes the events of May 13, 2018.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of exact statements made on scene. Upon information and belief, Defendant City admits Plaintiff was instructed to leave by a member of the Chicago Police Department multiple times, and otherwise denies Plaintiff fully or accurately describes the events of May 13, 2018.

19.     The two defendant police officers had no warrant or court authorization to enter the Property or deal with Grafton. Nor did the female police officer.

**ANSWER**: Defendant Officers admit not having a warrant in relation to Plaintiff. Defendant Officers deny Plaintiff fully or accurately describes the events of May 13, 2018. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

Upon information and belief, Defendant City admits there was not a warrant in relation to Plaintiff but denies Plaintiff fully or accurately describes the events of May 13, 2018. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

20.     Grafton did not know why the officers and spoke the way they did in the otherwise calm and peaceful setting. Grafton was, and accurately felt, coerced and that he had no choice but to comply with the two defendant officers' commands and threats of jail and leave the Property. Grafton accurately did not believe he was free to ignore the two officers' commands and threats of jail.

**ANSWER**: Defendant Officers deny any misconduct or allegations of wrongdoing and deny Plaintiff fully or accurately describes the events of May 13, 2018. Defendant Officers admit Plaintiff was instructed to leave the scene. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

Upon information and belief, Defendant City denies any misconduct or allegations of wrongdoing and that Plaintiff fully or accurately describes the events of May 13, 2018, but admits Plaintiff was instructed to leave the scene. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

21.     Grafton did not consent to or act voluntarily as to the two officers' commands and threats of jail.

**ANSWER**: Defendant Officers deny any misconduct or allegations of wrongdoing and deny Plaintiff fully or accurately describes the events of May 13, 2018. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

Upon information and belief, Defendant City denies any misconduct or allegations of wrongdoing and deny Plaintiff fully or accurately describes the events of May 13, 2018. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

22.     The two defendant officers had no justification for their conduct and words. They had no basis or authorization to speak to and act toward Grafton as alleged above.

**ANSWER**: Defendant Officers deny Plaintiff fully or accurately characterizes the events of May 13, 2018, and further deny the allegations of the above paragraph.

Upon information and belief, Defendant City denies Plaintiff fully or accurately characterizes the events of May 13, 2018, and further denies the allegations of the above paragraph.

23.     The two defendant officers threatened Grafton's personal security by threatening with jail.

**ANSWER**: Defendant Officers deny the allegations of the above paragraph.

Upon information and belief, Defendant City denies the allegations of the above paragraph.

24.     The two defendant officers temporarily deprived Grafton of possession of his Property. They meaningfully interfered with his possessory interest in and enjoyment of his Property.

**ANSWER**: Defendant Officers deny the allegations of the above paragraph.

Upon information and belief, Defendant City denies the allegations of the above paragraph.

25.     The defendant officers acted willfully and with malice and reckless indifference to Grafton's rights and his interests.

**ANSWER**: Defendant Officers deny the allegations of the above paragraph.

Upon information and belief, Defendant City denies the allegations of the above paragraph.


## <u>COUNT 1</u>
### (Claim Against Folelt and John Doe 28 U.S.C. Sec. 1983)

26.     Grafton realleges all paragraphs above.

**ANSWER**: Defendants reallege their responses to the above paragraphs.

27.     The facts and circumstances alleged above show coercive and intimidating police by two uniformed police officers-the Defendant Officers-accompanied by a third uniformed police officer. The word and tone of voice of the two defendant police officers clearly deprived Grafton of his personal freedom to visit and inspect the Property of which he was 1/3 owner and deprived him of his possessory interest in and enjoyment to his Property.

**ANSWER**: Defendant Officer Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

28.     The Defendant Officers did not allow Grafton to complete his inspection and barred him access to the Property. The above conduct and spoken words by the defendant deprived Grafton of his rights under the Fourth and Fifth Amendments of the United States Constitution.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph, and further deny Plaintiff has a surviving Fifth Amendment claim.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

29.     Grafton was not free to ignore the defendant police officers commands and threats of jail. Compliance by Grafton was compelled, not voluntary.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

30.     Grafton's freedom of movement in the Property was severely curtailed.  The defendant officers commanded Grafton to go to the porch and then to leave the property for no reason. He was not free to stay.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

31.     The cost of ignoring the two defendant officers commands were high: arrest and jail and or bond and possibly criminal proceedings.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

32.     Grafton believed he had to yield to the show of authority by three officers the two Defendant Officers and the third officer accompanying them. Grafton did not feel free to decline the two defendant police officers commands and threats of jail.

**ANSWER**: Defendant Florek denies the claims against him and denies Plaintiff fully or accurately describes the events of May 13, 2018. Defendant Florek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

33.     The two defendant officers' actions and were unreasonable under the circumstances.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

34.     Under the above alleged facts and circumstances commanding a person who called the police to leave the peaceful premises and threatening him with jail was a violation of clearly constitutional rights.

**ANSWER**: Defendant Florek denies the claims against him and denies Plaintiff fully or accurately describes the events of May 13, 2018. Defendant Florek further denies Plaintiff accurately states the law.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

35.     The two defendant offers were acting under color of state law and within the scope of their authority and duties.

**ANSWER**: Defendant Florek admits the allegations of the above paragraph but denies Plaintiff fully or accurately characterizes the events of May 13, 2018.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

36.     Grafton sues the two defendant police officers in their individual capacities.

**ANSWER**: Defendant Florek admits Plaintiff purports to sue him in his individual capacity.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

37.     The two defendant police officers deprived Grafton of his rights to be free from being seized by the police under the Fourth Amendment.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

38.     They also deprived Grafton of his rights under the Fourth Amendment by seizure the Property and depriving Grafton of the Property without due process or just compensation in violation of his rights under the Fifth Amendment.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph, and further denies Plaintiff has a surviving Fifth Amendment claim.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

39.     The two defendant officers are liable to Graton under 28 U.S.C. sec.1983.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

### COUNT 2
**(State Law Claim Against Fobelt and John Doe**
**Intentional Infliction of Emotional Distress)**

40.     Grafton realleges all paragraphs above.

**ANSWER**:  Defendants reallege their response to the above paragraphs.

41.     This Court has supplemental jurisdiction of this claim under 28 U.S.C. sec. 1367.

**ANSWER**: Defendant Florek admits the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

42.     The acts and conduct of Fobelt and John Does as alleged above were extreme and outrageous.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

43.     These two Defendant Officers' conduct was intended to cause or were in reckless disregard of the probability that their conduct could cause severe emotional distress to Grafton, as more fully alleged above.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

44.     Such actions and conduct as alleged above directly and proximately caused emotional distress to Grafton and thereby constituted intentional infliction of emotional distress. The two defendant officers threatened Grafton with jail.

**ANSWER**: Defendant Florek denies Plaintiff fully or accurately describes the events of May 13, 2018, and denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

45.     This misconduct was undertaken by these Defendant Officers Fobelt and John Doe with willfulness and reckless indifference to Grafton's rights.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

46.     As a proximate result of these Defendant Officers' wrongful conduct Grafton suffered injury including severe physical and emotional distress and anguish, humiliation and suffering.

**ANSWER**: Defendant Florek denies the allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

47.     The two defendant officers were acting within the scope of their duties.

**ANSWER**: Defendant Florek admits acting within the scope of his employment, but denies Plaintiff fully or accurately characterizes the events of May 13, 2018. Defendant Florek lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of the above paragraph.

As the above claim is not directed against Defendants Bolin, Gilliland, or City, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

## COUNT 3
### (State Law Claim Against City of Chicago-Respondeat Superior)

49.     Grafton realleges all paragraphs above.

**ANSWER**: Defendants reallege their responses to the above paragraphs.

50.     This Court has supplemental jurisdiction of this claim under 28 U.S.C. sec. 1967.

**ANSWER**: Defendant City admits the allegations of the above paragraph.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

51.     In committing the acts alleged above each of Fobelt and John Doe were members of and agents of the Chicago Police Department and were acting at all relevant times within the scope of their duties and under color of state law.

**ANSWER**: Defendant City admits Defendant Officers were acting within the scope of their employment, but upon information and belief denies Defendant Officers acted as alleged by Plaintiff and denies Plaintiff fully or accurately characterizes the events of May 13, 2018.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

52.     The City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER**: Defendant City denies the above paragraph accurately or fully describes the law and therefore denies it.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

## COUNT 4
### (State Law Claim Against City of Chicago-Indemnification)

53.    Grafton realleges all paragraphs above.

**ANSWER**: Defendants reallege their responses to the above paragraphs.

54.    This Court has supplemental jurisdiction of this claim under 28 U.S.C. sec. 1367.

**ANSWER**: Defendant City admits the allegations of the above paragraph.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

55.    Illinois law provides that public entities are directed to pay any tort judgments for compensatory damages for which employees are liable within the scope of their employment duties. 745 ILCS l0/9-102.

**ANSWER**: Defendant City admits Plaintiff has cited 745 ILCS l0/9-102 and provided a portion of its contents, but deny the above allegations are a full and accurate statement of the law.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

56.    Defendant Officers Fobelt and John Doe were employees of the Chicago Police Department and were acting within the scope of their duties in committing the misconduct alleged above.

**ANSWER**: Defendant City admits Defendants were employees of the Chicago Police Department and acting within the scope of their duties, but upon information and belief denies the remaining allegations of the above paragraph and denies Plaintiff fully or accurately characterizes the events of May 13, 2018.

As the above claim is not directed against Defendant Officers, they make no response. To the extent the above contains allegations of liability or wrongdoing by these Defendants, they are denied.

## JURY DEMAND

Defendant Officers demand that the case be tried by a jury.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable officer, objectively viewing the facts and circumstances that confronted said Defendants, could have believed his actions to be lawful, in light of clearly established law and the information that said Defendants possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

2. Individual Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). To the extent Defendants were not personally involved in Plaintiff's claims, they should be dismissed.

3. Defendant City of Chicago is not liable to Plaintiff for any federal claims for which the Individual Defendants are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

4. Defendant City of Chicago is immune from punitive damages under both 42 U.S.C. § 1983 and state law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

5. Personal participation in a constitutional violation is required for liability in a 42 U.S.C. § 1983 suit. *See generally, Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Supervisors cannot be held liable under Section 1983 for constitutional torts committed by subordinates under a theory of *respondeat superior*. *See Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1999). To the extent that any other Defendant Officer may be found liable for any tortious or unconstitutional conduct, Defendant Gilliland may not be held liable for the conduct of other Defendant Officers under Section 1983 unless he personally participated in that conduct. The supervisor must have personal involvement in the subordinate's tortious conduct to be held liable. *See id.* "[The supervisor] must. . . act either knowingly or with deliberate, reckless indifference" in order to be held liable for the constitutional torts of his subordinates. *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988); *see also Morfin v. City of East Chicago*, 349 F.3d 989 (7th Cir. 2003); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

6. At all times material to the events alleged in Plaintiff's Complaint, 745 ILCS 10/2-204 was in effect and provided as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." The conduct described in Plaintiff's Complaint concerns Defendant Officers acting within the scope of their employment. Consequently, to the Defendant Officers were not involved in the conduct complained of, Individual Defendants are immune from liability for Plaintiff's state law claims under 745 ILCS 10/2-204.

7. Plaintiff alleges in his complaint that he suffered damages as a result of Defendants' alleged conduct. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8. To the extent that any injuries or damages were caused, in whole or in part, by negligent, willful, wanton, and/or intentional conduct of Plaintiff, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of negligent, willful and wanton and/or intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-116 was in effect and reduced a Plaintiff's recovery in proportion to his contributory negligence, and bars recovery entirely when the Plaintiff's conduct is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought. Here, Plaintiff's own actions must be taken into consideration and Plaintiff's total damages reduced by the amount to which he is comparatively at fault.

9. At the time of the occurrence alleged in the Complaint, 745 ILCS 10/2-201 was in effect and provided as follows: "Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Individual Defendants were serving in positions involving the exercise of discretion at all relevant times. Because the decision as to what actions to take were discretionary decisions for which the City and its employees are immune from liability, Plaintiff's causes of actions against Individual Defendants must fail.

10. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202. Defendant Officers were executing and enforcing the law at all times relevant in the Complaint. Based on the allegations of Plaintiff's Complaint, if an individual Defendant was executing and enforcing the law at all relevant times, Plaintiff has the burden of proving that his conduct constituted willful and wanton conduct. Because Plaintiff cannot meet this burden, Defendant Officers are immune from liability and Plaintiff's cause of action against Defendants must fail.

11. As to Plaintiff's state law claim, Defendants are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

12. A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109. Because Officer Defendants were employed by the City at the time of the incident and are immune from liability as stated above, Defendant City is also immune.

Respectfully submitted,

DEFENDANT CITY OF CHICAGO

CELIA MEZA, ACTING CORPORATION COUNSEL
FOR THE CITY OF CHICAGO; AND

DEFENDANTS BOLIN, FLOREK, AND GILLILAND,

By: Max C. Boose
Max C. Boose
Assistant Corporation Counsel

Scott Cohen, Assistant Corporation Counsel Supervisor
Max Boose, Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois  60602
Office (312) 744-7684
Fax    (312) 744-6566

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Craig Grafton, | ) | |
| | ) | Case No.   2018 C 06099 |
| Plaintiff, | ) | |
| | ) | Judge:   Franklin U. Valderrama |
| v. | ) | |
| | ) | Magistrate Judge: |
| Chicago Police Officer Fobelk, Badge #121240 | ) | |
| Chicago Police Officer John Doe, Badge 1894 or | ) | |
| Badge #13406, City of Chicago, | ) | |
| | ) | |
| Defendant(s) | ) | |

## <u>NOTICE OF FILING AND CERTIFICATE OF SERVICE</u>

Craig Grafton
9119 South Cottage Grove Ave, Apt. 3E
Chicago, IL 60619


**PLEASE TAKE NOTICE** that on this <u>19th</u> day of January 2021,  I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by prepaid physical mail to the person named above at the address shown this <u>19th</u> day of January 2021.


_/s/ Max C. Boose_____

Max C. Boose

Assistant Corporation Counsel